# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Fanatics Retail Group (Dreams), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| Robert Truax, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Fanatics Retail Group (Dreams), LLC files this Complaint against Defendant Robert Truax and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Truax based on his continuing, absolute and unconditional guaranty of the payment obligations of The Comet Clothing Company, LLC ("Comet") pursuant to a Secured Promissory Note ("Note") in the principal amount of $2,230,027.77 and an associated Security and Guaranty Agreement ("Guaranty Agreement") signed by Truax.

2. Truax has failed and refused to pay his obligations pursuant to his personal guaranty.

## PARTIES

3. In 2010, Dreams, Inc. ("Dreams") purchased 51 percent of the outstanding membership interests in Comet. In 2012, Fanatics, Inc. purchased Dreams, and soon thereafter converted Dreams from a non-Delaware corporation to a Delaware corporation under the name Fanatics Retail Group (Dreams), Inc. Thereafter, it converted the entity from a corporation to a

limited liability company under the name Fanatics Retail Group (Dreams), LLC ("Fanatics"). Hence, Fanatics maintained a 51 percent ownership interest in Comet beginning in 2012.

4. Plaintiff Fanatics is a limited liability company organized under the laws of Delaware, and has its principal place of business at 8100 Nations Way, Jacksonville, Florida.

5. The sole member of Fanatics is Fanatics, Inc., a corporation organized under the laws of Delaware, with its principal place of business at 8100 Nations Way, Jacksonville, Florida.

6. Defendant Robert Truax is an individual resident of Minnesota.

7. Fanatics and Comet are signatories to the Note (**Exhibit A**). Fanatics, Comet, and Truax are signatories to the Guaranty Agreement (**Exhibit B**). All three are also parties to a Loan Modification and Membership Interest Redemption Agreement ("Redemption Agreement", **Exhibit C**), which provides consideration to Comet in exchange for the Note—including partial debt forgiveness and a transfer of equity. The Note, the Guaranty Agreement, and the Redemption Agreement contain choice of law provisions selecting Delaware law to govern the rights of the parties. Note at § 7.1; Guaranty Agreement at § 12; Redemption Agreement at § 15.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and this controversy is between citizens of different states.

9. This Court has personal jurisdiction over Defendant Truax by consent. The Redemption Agreement he signed provides that "[e]ach of the Parties irrevocably submits to the exclusive jurisdiction of (a) Delaware and (b) the United States District Court for the District of Delaware . . . for the purposes of any suit, action or other proceeding arising out of this Agreement

or any transaction contemplated hereby." Redemption Agreement at § 15. The Redemption Agreement expressly references the Guaranty Agreement as one of the key transaction documents, *id.* at 1, and therefore the provision of the personal guaranty that is the subject of this action constitutes a "transaction contemplated" by the Redemption Agreement, *id.* at § 15. Truax has thus "irrevocably submit[ted]" to personal jurisdiction in this Court for an action arising out of his personal guaranty. *Id.*

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b). Indeed, Fanatics "agree[d] to commence" this action "in the United States District Court for the District of Delaware," and Truax "irrevocably and unconditionally waive[d] any objection to the laying of venue of any action, suit or proceeding arising out of [the Redemption Agreement] or the transactions contemplated hereby" in this Court. *Id.* He "further irrevocably and unconditionally waive[d] and agree[d] not to plead or claim . . . that any such action, suit or proceeding . . . has been brought in an inconvenient forum." *Id.*

## FACTUAL ALLEGATIONS

11. Plaintiff brings this action to recover on the Note signed by Comet and guaranteed by Truax. Plaintiff seeks the principal sum of $2,230,027.77, in addition to unpaid interest that has accrued on that amount and other applicable damages, attorneys' fees and costs.

12. From time to time, Fanatics provided working capital to Comet in the form of loans in the approximate amount of $6,600,000 (collectively, the "Loans"). After making Loans to Comet without repayment for years, Fanatics agreed to relinquish its equity in the business in order to secure partial repayment of the Loans. Specifically, the parties agreed that Comet would repay $2,230,027.77 plus interest. To secure that obligation, Fanatics was given a security interest in Comet's properties and a personal guaranty from Comet's Chief Executive Officer and significant

equityholder, Robert Truax.  The foregoing was memorialized in three documents on February 1, 2019:  the Note, the Guaranty Agreement, and the Redemption Agreement.

13. Under the terms of the Note, Comet's obligation of $2,230,027.77 plus interest was due and payable on its maturity date:  November 1, 2019.  *See* Note at § 1.2.  Truax "absolutely and unconditionally guarantee[d] . . . prompt payment when due."  Guaranty Agreement at § 18(a).  Comet did not pay, and neither did Truax.  Fanatics served a Notice of Default (**Exhibit D**) on Comet and Truax on November 2, 2019.  Neither Comet nor Truax has paid Fanatics in the months since the Note's maturity date, notwithstanding repeated telephonic requests for payment of the entire outstanding principal balance of the Note and all unpaid accrued interest thereon.  Fanatics served a Demand for Payment of Principal and Interest ("Demand", **Exhibit E**) on Truax on June 10, 2020.

14. Having forgiven much of Comet's debt and given up its membership interest in Comet, and having not received its agreed-upon payment from Comet in return, Fanatics now seeks to enforce its right to payment from Truax under the Guaranty Agreement.

**Secured Promissory Note**

15. Comet executed and delivered to Fanatics the Note, which pledged repayment of a principal sum of $2,230,027.77 and interest beginning on February 1, 2019 at the rate of 3.5% a year.  *See* Note at 1.

16. The Note was due and payable on November 1, 2019.  *See id.* at § 1.2.  Comet's failure to pay by that date constituted an Event of Default.  *See id.* at 2(a).  "During the existence of an Event of Default, interest accruing" under the Note is "increased by 2% per annum."  *Id.* at § 1.4.

17. Comet agreed that it "shall pay all costs of collection when incurred, including, without limitation, reasonable attorneys' fees, costs and other expenses." *Id.* at § 4.

### Redemption Agreement

18. Fanatics, Comet, and Truax executed the Redemption Agreement, which recited that Fanatics "has provided working capital to [Comet] in the form of loans in the approximate amount of $6,600,000," and in which Fanatics "agreed to accept" the Note "in full and complete satisfaction" of those loans. Redemption Agreement at 1. Fanatics "cancelled and forg[ave] in full" Comet's outstanding debt (except the amount specified in the Note, less than half of the total). *Id.* at § 1. Fanatics also conveyed all of its rights to Comet's membership interests to Comet. *Id.* at § 2.

19. Fanatics has completed its performance of this agreement—most importantly, its cancellation and forgiveness of Comet's debt and conveyance of its equity interest in Comet back to Comet.

### Guaranty Agreement

20. Fanatics, Comet, and Truax also simultaneously executed the Guaranty Agreement, which granted Fanatics "a continuing security interest in all of [Comet's] right, title and interest in, to and under the Collateral." Guaranty Agreement at § 1. "Collateral" is defined broadly to include "all of [Comet's] right, title and interest in and to" "all present and future assets, properties, fixtures and personal property of every kind and nature." *Id.* at 1 & 1(a).

21. The Guaranty Agreement also enumerated Fanatics's remedies in case of an Event of Default. *Id.* at § 5. Fanatics was authorized in the event of nonpayment to, among other things, "Declare all Secured Liabilities (regardless of any contrary terms) immediately due and payable," *id.* at § 5(a), "prepare for sale, advertise for sale, and sell . . . the Collateral," *id.* at § 5(c), and

"[e]xercise any of the rights and remedies of a creditor under the UCC [or] any other law," *id.* at § 5(f).

22. Comet agreed to "defend, indemnify and hold harmless" Fanatics "against . . . all losses or expenses in any way suffered, incurred, or paid" pursuant to the Note, the Redemption Agreement, or the Guaranty Agreement itself. *Id.* at § 8. The only exceptions to indemnification are for "losses arising from or out of the gross negligence or willful misconduct" of Fanatics. *Id.* This indemnification "includ[es] without limitation, reasonable attorney's fees and expenses as determined by" Fanatics. *Id.*

23. Truax "absolutely and unconditionally guarantee[d], as a guaranty of payment and performance and not merely as a guaranty of collection, prompt payment" on the Note "when due." *Id.* at § 18(a). This guaranty covered Comet's payment of "principal, interest, premiums, fees, indemnities, damages, costs, [and] expenses." *Id.*

24. Truax also "expressly waive[d] all . . . demands for payment or performance, [and] notices of nonpayment or nonperformance" with respect to his obligations under the guaranty. *Id.* at 18(c).

25. Truax further agreed that his "obligations . . . hereunder are those of the primary obligor, and not merely as surety, and are independent of the Secured Liabilities . . . and a separate action may be brought against each Guarantor to enforce this Guaranty whether or not the Company or any other person or entity is joined as a party." *Id.* at 18(d).

**Nonpayment**

26. Neither Comet nor Truax paid anything to Fanatics pursuant to the Note or the Guaranty, whether before, on, or after the Note's maturity date of November 1, 2019.

27. On November 2, 2019, Fanatics provided notice to Defendants that the entire outstanding principal balance of the Note and all unpaid accrued interest thereon was due and payable on November 1, 2019. Notice of Default at 1. Fanatics noted that, as of November 1, the past due amount equaled $2,262,739. *Id.* It informed Defendants that failure to pay the past due amount constitutes an immediate Event of Default under Section 2(a) of the Note and under Section 4 of the Guaranty. *Id.* Fanatics also demanded that Comet immediately repay the Note in full. *Id.*

28. Between November 2019 and June 2020, Fanatics repeatedly requested by telephone that Comet honor the Note and that Truax honor the Guaranty Agreement.

29. Notwithstanding that Truax has waived demand, *see* Guaranty Agreement at 18(c), Fanatics served the Demand on Truax on June 10, 2020. Fanatics informed Truax that it "yet again hereby demands that Guarantor [*i.e.*, Truax], pursuant to Guarantor's obligations under the Security and Guaranty Agreement, immediately pay the Note in full, together with all interest accrued and accruing thereon and all other amounts owing under the Note and the Security and Guaranty Agreement." Demand at 2. Truax has not paid.

## COUNT I
## BREACH OF GUARANTY

30. Fanatics incorporates by reference the allegations of the foregoing paragraphs as if set forth herein.

31. Truax is a party to the Guaranty Agreement, which is a valid and binding contractual agreement between the parties. Truax "absolutely and unconditionally guarantee[d] . . . prompt payment when due" of Comet's liability under the Note. Guaranty Agreement at § 18(a).

32.     Comet owes Fanatics payment on the Note of the principal sum of $2,230,027.77, plus all accrued interest.  Comet's liability under the Note came due on the maturity date: November 1, 2019.  Comet has not paid any of its past due liability under the Note, and interest continues to accrue.

33.     Fanatics has performed all of its obligations under the Note, the Guaranty Agreement, and the Redemption Agreement.

34.     Truax has made no payment in satisfaction of his guaranty of payment on the Note.  Truax's failure to pay constitutes a breach of the Guaranty Agreement, which has not been cured or waived.

35.     As a result of the foregoing, Fanatics is entitled to a money judgment against Truax for the principal balance on the Note, together with interest that has accrued and continues to accrue, and attorneys' fees and costs to enforce the Guaranty Agreement.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays that this Court enter a Judgment in its favor and against Defendant Truax pursuant to his personal guaranty, and enter an Order:

1.     Ordering Defendant to pay to Fanatics the outstanding principal balance on the Note of $2,230,027.77, together with interest accrued for the period prior to the maturity date at the rate of 3.5% per annum, and interest accruing for the ongoing period after the maturity date at the rate of 5.5% per annum;

2.     Ordering Defendant to pay to Fanatics all lawful damages in an amount to be determined at trial, including incidental and consequential damages, and pre-judgment and post-judgment interest, as allowable by law;

3.    Ordering Defendant to pay to Fanatics and its counsel attorneys' fees and litigation costs, as contemplated by section 4 of the Note and section 8 of the Guaranty Agreement; and

4.    Ordering such other and further relief as the Court deems just and proper.

Dated:   June 11, 2020 

OF COUNSEL:

MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (*pro hac vice* forthcoming)
101 Park Avenue
New York, NY  10178-0600
(212) 309-6909
brian.herman@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)
The Nemours Building
1007 N. Orange St., Ste. 501
Wilmington, DE 19801
(302) 574-7294
jody.barillare@morganlewis.com

*Attorneys for Fanatics Retail Group (Dreams), LLC*